FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

2011 JAN 26  PM 3: 40

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JOHN EVANGELISTA, individually,

    Plaintiff,

v.

REGENT ASSET MANAGEMENT
SOLUTIONS, INC.,
a foreign profit corporation,

    Defendant.

_____/

5:11-CV-34-OC-99TJC/GRK

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3.     Plaintiff, JOHN EVANGELISTA ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Citrus County, Florida.

4.   Defendant, REGENT ASSET MANAGEMENT SOLUTIONS, INC. ("Defendant"), is a foreign profit corporation, with offices located at 7290 Samuel Drive, Suite 200, Denver Colorado 80221.

5.   Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

6.   At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

7.   With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

8.   Defendant sought to collect an alleged debt from Plaintiff incurred for personal, family, or household purposes.

9.   On or about February 16, 2010, Defendant telephoned Plaintiff's residential telephone line utilizing a prerecorded message.

10.   During the last year, Defendant has telephoned Plaintiff on numerous other occasions utilizing a similar prerecorded message; each and every call made to Plaintiff's residential telephone was made using a prerecorded message and was initiated utilizing an automatic telephone dialing system.

11.   The aforesaid voicemail messages failed to properly disclose that Defendant was a debt collector in violation of 15 U.S.C § 1692e(11). *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp.2d 643 (S.D.N.Y. 2006).

12.   Plaintiff maintains that Defendant's telephone calls were made to Plaintiff's residential telephone line and initiated by an automatic telephone dialing system and made without the prior express consent of Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

13.   Defendant is vicariously liable for the actions of its debt collector-employee who is collecting on its behalf. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

14.   The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

15.   Federal Courts have held that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constituted a valid claim under the FDCPA. *Anchondo v. Anderson, Crenshaw & Associates, LLC,* 583 F.Supp.2d 1278 (D. New Mexico 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

16.   Plaintiff incorporates Paragraphs 1 through 15.

17.   Defendant's messages left on Plaintiff's voicemail system failed to disclose that Defendant was a debt collector in violation of 15 U.S.C § 1692e(11).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of the instant suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

18.    Plaintiff incorporates Paragraphs 1 through 15.

19.    Defendant violated 47 U.S.C. § 227(b)(1)(B) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's residential telephone, which were initiated by an automatic telephone dialing system and utilizing a prerecorded message, and made without the prior express consent of Plaintiff; none of the aforementioned calls were made for an "emergency purpose" as defined by the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Statutory damages for each violation of the TCPA;

b.    Statutory damages for each knowing or willful violation of the TCPA;

c.    Attorney's fees, litigation expenses and costs of the instant suit;

d.    An injunction barring Defendant from calling Plaintiff in any manner which violates the TCPA; and

e.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

5

Dated this 25TH day of January, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff John Evangelista*
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200
Hollywood, FL 33021
Telephone: 954-923-3801
Facsimile: 954-967-2791
scott@cohenowens.com

By: _____
    Scott D. Owens, Esq.
    Florida Bar No. 0597651