UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN EVANGELISTA,

      Plaintiff,

v.               Case No. 5:11-cv-34-Oc-37TBS

REGENT ASSET MANAGEMENT
SOLUTIONS, INC., a foreign profit corporation,

      Defendant.
_____

## ORDER

Before the court is plaintiff, John Evangelista's Second Motion for Entry of Default Judgment, filed on July 12, 2011. (Doc. 13.) For the following reasons the plaintiff's motion is due to be DENIED without prejudice, with leave to re-file and supplement his motion.

## I. FACTS AND BACKGROUND

This case involves Regent Asset Management Solutions, Inc.'s ("Regent") attempt to collect upon an alleged debt from the plaintiff. The plaintiff alleges that Regent left voicemail messages on his answering machine using a prerecorded message that failed to disclose that Regent was a debt collector in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Compl. ¶ 9.) The plaintiff further asserts that Regent "has telephoned Plaintiff on numerous other occasions utilizing a similar prerecorded message[.]" (Id. ¶ 10.) On January 16, 2011,

the plaintiff filed a complaint against Regent for violation of the FDCPA.[1]  Regent was served on February 11, 2011 and has failed to respond to this lawsuit.  On July 6, 2011, the plaintiff filed a motion for default judgment against Regent which the court denied without prejudice because plaintiff had not yet moved for a Clerk's entry of default. (Doc. 10.)  On July 11, 2011, the plaintiff filed a motion for entry of Clerk's default (Doc. 11.) And on July 12, 2011, the Clerk defaulted Regent pursuant to Federal Rule of Civil Procedure 55(a).[2]  (Doc. 12.)[3]  The plaintiff then filed the present motion asking the court to enter a default final judgment against Regent.  (Doc. 13.)

A.    Default Judgment Standard

Federal Rule of Civil Procedure 55(b) provides in relevant part that:

(b) Entering a Default Judgment.

   (1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for

---

[1] The plaintiff's complaint also alleges that Regent violated 47 U.S.C. § 227(b)(1)(B) of the Telephone Consumer Protection Act.  The plaintiff, however, filed a notice of voluntary dismissal as to this claim on July 6, 2011.

[2] Federal Rule of Civil Procedure 55 states in part that, "[w]hen a party against whom a default for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

[3] On July 24, 2011, the court issued an order directing plaintiff to show cause by a written response filed on or before July 6, 2011 why this case should not be dismissed pursuant to Local Rule 3.10 for lack of prosecution for failure to file a Case Management Report within the time prescribed by Local Rule 3.05.  On July 6, 2011, the plaintiff entered a Motion for Entry of Default Final Judgment which he intended as his response to the court's order to show cause.  Although the motion was denied without prejudice on July 8, 2011, the court issued an order on September 27, 2011 stating that the court found the plaintiff's July 6, 2011 filing sufficient to satisfy the show cause order.  The court discharged the July 24, 2011 order to show cause on September 27, 2011.

that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55(b).

B.  FDCPA

The FDCPA was enacted by Congress "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352 (11th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). Congress found abusive practices by debt collectors to be "serious and widespread." Id. (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996)). The FDCPA provides in relevant part that, "the following conduct is a violation of [the FDCPA] . . . [t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector,

3

except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11). The FDCPA allows for a civil cause of action against any debt collector who fails to comply with the requirements of the Act, including 15 U.S.C. § 1692e(11). See 15 U.S.C. § 1692k(a).[4]

Federal courts have stated that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constitutes a valid claim under the FDCPA. See, e.g., Edwards, 584 F.3d at 1352-52 (affirming district court's FDCPA summary judgment against debt collection agency where agency left voicemails on the plaintiff's answering machine that did not identify the agency as a debt collection agency); Anchondo v. Anderson, Crenshaw & Assocs., LLC, 583 F. Supp. 2d 1278, 1280-81 (D.N.M. 2008) (stating that consumer's allegations that debt collector violated her rights under the FDCPA were sufficient to state a claim under the FDCPA where the defendant failed to identify itself as a debt collector in a voicemail message left on her answering machine or state that the voicemail message was left as an attempt to collect a debt). A debt collector found to be in violation of the Act can be held liable for (1) an individual plaintiff's actual damages, (2) statutory damages up to $1,000 and (3) costs and reasonable attorney's fees. See 15 U.S.C. § 1692k(a)(1)-(3).[5]

---

[4]The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a. The FDCPA definitions of "consumers" and "debt" specifically restrict the coverage of the act to personal, family, or household transactions.

[5]Although the plaintiff in this case contends that the FDCPA is a "strict liability statute," (citing Ferguson v. Credit Mgmt. Control, Inc., 140 F. Supp. 2d 1293, 1297

C. Discussion

In support of his Second Motion for Entry of Default Final Judgment, the plaintiff relies on his previously filed Affidavit which this court has thoroughly reviewed. (Docs. 9, 9-1.) The court has also thoroughly reviewed the plaintiff's Complaint. (Doc. 1.) The plaintiff's affidavit states in part that:

> 1. The Affiant . . . makes this affidavit based upon his personal knowledge.
>
> 2. The Affiant is familiar with the facts and legal issues presented in the above-styled matter.
>
> 3. The Affiant verifies the factual allegations in both his Complaint as well as those contained in Plaintiff's Motion for Entry of Default Final Judgment.
>
> 4. The Affiant adopts all factual allegations stated in the aforementioned motion and further enumerated herein.

(Doc. 9-1 at 1.)

Federal Rule of Civil Procedure 8(a) provides in part that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint, however, must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,

---

(M.D. Fla. 2001) (citing Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1361 (S.D. Fla. 2000); Russell v. Equifax, 74 F.3d 30, 33-34 (2d Cir. 1996)), the FDCPA does provide debt collectors an affirmative defense known as the "bona fide error" defense which insulates debt collectors from liability even where they have failed to comply with the Act's requirements. See, e.g., Edwards, 584 F.3d at 1352 (citing Johnson v. Riddle, 443 F.3d 723, 727 (10th Cir. 2006)). A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid such error. See 15 U.S.C. § 1692k(c). The bona fide error defense is not applicable to this case since Regent did not respond and has been defaulted.

550 U.S. 544, 570 (2007). The Supreme Court further explained that, "[w]hile a complaint . . . does not need detailed factual allegations . . . , a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, . . . Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 355. The factual allegations contained in the plaintiff's complaint make clear that: (1) Regent sought to collect an alleged debt from him incurred for personal, family, or household purposes, as required by the FDCPA; (2) on or about February 16, 2010, Regent telephoned the plaintiff's residential telephone line utilizing a prerecorded message; (3) Regent telephoned the plaintiff on numerous other occasions utilizing a similar prerecorded message; and (4) each and every call made by Regent to the plaintiff's residential telephone was made using a prerecorded message and was initiated utilizing an automatic telephone dialing system. (Doc. 1 at 2-3.) The complaint also alleges that the voicemail messages failed to properly disclose that Regent was a debt collector and that applicable federal law states that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constitutes a valid claim under the FDCPA. (Id. at 3-4.) The plaintiff further asks the court to enter judgement in his favor and grant him damages, attorneys' fees, expenses, and other relief as the court deems proper. (Id. at 4.)

Based on a review of the applicable FDCPA law and the facts of this case the court finds that the allegations contained in the plaintiff's complaint do not contain sufficient factual specificity in two areas as to warrant entry of default judgement. First, the plaintiff's complaint fails to specify the content of one or more of the voicemail

messages left on his answering machine by Regent (e.g., what specifically the voicemail messages stated). Second, the plaintiff has not specified the amount of damages he believes he is entitled to in this case. The plaintiff's motion for default judgment and proposed order only request that "this Court . . . permit Plaintiff thirty (30) days to submit his affidavits and/or other documents concerning costs and attorney's fees." (Doc. 13 at 4.) The plaintiff's complaint broadly requests damages, attorney's fees, litigation expenses and other relief the court deems proper. If the plaintiff elects to re-file his motion he should support it with affidavit testimony explaining the specific amount of monetary damages he believes he is entitled to and why. He should also file whatever affidavits he would like the court to consider in determining his claims for attorneys' fees and taxable costs.

III. CONCLUSION

For the reasons above, the plaintiff's Second Motion for Entry of Default Judgment (Doc. 13) is DENIED without prejudice with leave to re-file his motion and supplement it with appropriate affidavits.

IT IS SO ORDERED.

DONE and ORDERED in Ocala, Florida on September 29, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record